IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON D.,[1] )<br>)<br>    Plaintiff, )<br>) No. 24 C 8201<br>   v. )<br>) Magistrate Judge<br>FRANK BISIGNANO, ) Maria Valdez<br>Commissioner of Social Security,[2] )<br>)<br>    Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jason D.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 17] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 1, 2022, Plaintiff filed applications for DIB and SSI, alleging disability since January 28, 2021. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on November 13, 2023. Plaintiff appeared and testified at the hearing and was represented by counsel. Vocational expert ("VE") Thomas Dunleavy also testified.

On February 23, 2024, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 28, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bilateral knee osteoarthritis, diabetes mellitus, and obesity. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically

2

equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: can lift/carry 20 pounds occasionally and 10 pounds frequently; can stand six hours in an eight-hour workday; can walk for six hours; can sit for six hours; can push/pull as much as he can lift/carry; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally kneel, crouch, or crawl; can occasionally work in vibration.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a stores laborer. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of

3

specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053.

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that: (1) the ALJ failed to address electromyogram and nerve conduction studies; (2) the ALJ did not properly follow the regulatory mandate to assess the agency opinion evidence; (3) the ALJ improperly assessed raw diagnostic findings; (4) the ALJ improperly dismissed Plaintiff's mental condition; and (5) the ALJ failed to assess properly Plaintiff's symptoms.

In advancing his first argument, Plaintiff explains that Plaintiff testified at the hearing that he had problems using his hands. In December 2023, plaintiff

6

underwent electromyogram and nerve conduction studies. During the visit, Plaintiff reported hand numbness, pain, and tingling in four fingers of his right hand. The results of electromyogram and nerve conduction studies showed evidence of mild to moderate bilateral carpal tunnel syndrome and possible right ulnar distal sensory neuropathy. Plaintiff explains that the ALJ failed to consider this evidence and contends that this failure constitutes reversible error.

Defendant argues that (1) even assuming a diagnosis of carpal tunnel syndrome, neither that diagnosis nor the exam results establish any functional limitation, and (2) regardless, the only evidence of carpal tunnel syndrome first appears only two months before the adjudication of Plaintiff's claim, so it could not have caused any limiting effects for 12 consecutive months, resulting in a finding that it was not a severe impairment. Thus, Defendant argues that the ALJ's failure to consider this evidence was at most harmless error. The Court disagrees.

With respect to Defendant's first argument, had the ALJ weighed the carpal tunnel evidence, he very well may have found no functional limitation. The problem, however, is that the ALJ did not weigh this evidence at all. Because the ALJ did not weigh the evidence, the Court has no way of knowing what the ALJ would have found. Under the *Chenery* doctrine, Defendant is precluded from relying on evidence or a rationale for upholding the ALJ's decision that does not appear in the ALJ's decision. *See Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)). Here, Defendant's claim that the ALJ would have found no functional limitation amounts to an impermissible post hoc

7

rationale. The ALJ should have considered the evidence. *See Herron*, 19 F.3d at 333 (An ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence).

As to Defendant's second argument, Defendant's misreads the relevant regulations. Defendant cites 20 C.F.R. § § 404.1505(a) and 404.1509 for the proposition that because the only evidence of carpal tunnel syndrome first appears only two months before the adjudication of Plaintiff's claim, it could not have caused any limiting effects for 12 consecutive months, so the ALJ "would have found it to be non-severe." But that is not what the regulations provide. 20 C.F.R. § 404.1505(a) and 404.1509 provide that disability is defined as the inability to do any substantial gainful activity because of a medially determinable impairment "which has lasted *or can be expected to last* for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); 404.1509 (emphasis added). While Plaintiff's possible carpal tunnel may not have lasted for 12 consecutive months at the time of the ALJ's adjudication, there is again no way of knowing whether the ALJ would have found that it could be expected to last for 12 consecutive months had the ALJ considered the evidence.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that (1)

8

the ALJ addresses all relevant evidence including raw diagnostic findings; (2) the ALJ properly follows the regulatory mandate to assess the agency opinion evidence; (3) the ALJ considers Plaintiff's mental condition; and (4) the ALJ properly to assesses Plaintiff's symptoms.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 17] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:   July 11, 2025**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

9